T.C. Summary Opinion 2009-112

UNITED STATES TAX COURT

RICARDO GARCIA PACHECO AND ANA MILIAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 16574-08S.          Filed July 20, 2009.

Ricardo Garcia Pacheco and Anna Milian, pro sese.

Leslie A. Hale, for respondent.

GERBER, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,132 income tax deficiency and a $1,226 section 6662(a) accuracy-related penalty for petitioners' 2006 tax year. The deficiency is attributable to the disallowance of certain business expense deductions. After concessions by the parties, three issues remain for our consideration: (1) Whether Ricardo Garcia Pacheco (petitioner) is entitled to deductions for finder's fees/gifts paid to individuals who provided leads for future real estate transactions; (2) whether petitioner is entitled to deductions for advertising expenses in his real estate business; and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

## Background

Petitioners resided in California at the time their petition was filed. Petitioner is a real estate broker and operated a real estate sales business during 2006. During 2006 he earned commissions from the sales of approximately 30 residences. He reported gross income in excess of $60,000 for 2006. Petitioner specialized in houses that had been the subject of foreclosure by the U.S. Department of Veterans Affairs and sold the homes to

buyers in the Spanish-speaking community.  In petitioner's community it was customary to conduct business by means of a handshake, and payments were usually made in cash.

Each time he concluded a sale, petitioner would ask buyers to let others in the community know about his business.  Many of petitioner's real estate transactions emanated from referrals by past customers.  Each time such a real estate transaction closed, petitioner would give the referring former customer a referral fee, which he called a "gift", in an amount ranging from $100 to $200.  Petitioner did not keep specific records of these payments.

Petitioner used two forms of advertising to promote his real estate business.  On occasion, he and his wife would distribute pamphlets door-to-door advertising his business activity.  During 2006 petitioner paid $500 on two separate occasions to have 1,000 pamphlets printed and prepared for distribution.

Another method of advertising was for petitioner to appear on Spanish-speaking radio programs.  Petitioner would pay $1,200 in cash to someone at the radio station and, in turn, he was made the subject of a 30-minute, on-the-air interview about his real estate sales activity.  Petitioner was interviewed on the radio three times during 2006.

## Discussion[2]

Respondent disallowed $43,397 of petitioner's claimed business expense deductions, including gifts--$10,650; commissions--$20,200; and advertising--$12,547. At trial respondent conceded the $20,200 commissions deduction on the basis of petitioner's documentation. Petitioner, however, did not provide documentary evidence concerning the other two items. Petitioner explained that the custom of doing business in cash in his community limited his ability to provide documentation.

A taxpayer is entitled to deduct the ordinary and necessary expenses incurred in carrying on a trade or business. Sec. 162(a). Taxpayers are generally required to maintain records of their business activity, but this Court may (if not statutorily prohibited from so doing) approximate or estimate the amounts of deductions or expenses even though adequate records may not have been maintained. Secs. 274(d), 6001; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Although petitioner deducted $10,650 as "Gifts" to former customers for bringing in new customers, it is well established that these amounts are referral fees and not "gifts". Petitioner

---

[2]Neither party raised any question regarding the burden of proof under sec. 7491(a). Petitioner has the burden of proof as to his entitlement to the claimed deductions, and respondent has the burden of production regarding the sec. 6662(a) penalty. See sec. 7491(a), (c).

did not pay the referral fee until after a referred transaction closed. It was apparently well known that petitioner made such payments, and the referrals provided a reliable source of business. Neither the referrals nor the corresponding payments were made out of disinterested generosity. Accordingly, the recordkeeping requirement of section 274(d)(3) applicable to "gifts" does not apply to these payments.

The problem is petitioner's lack of adequate recordkeeping to support the amounts claimed. In the light of petitioner's testimony, which we found credible, we hold that petitioner is entitled to deduct $3,000 for referral fee expenses for 2006 and that respondent's disallowance of the remaining referral fee expenses is sustained.

With respect to petitioner's claimed $12,547 advertising expense deduction, we have likewise encountered a lack of adequate recordkeeping. The expenditures for advertising would obviously be an ordinary and necessary business expense. However, on this record we find that $1,000 was expended for pamphlets and $3,600 for radio broadcast advertising. Accordingly, we hold that petitioner is entitled to deduct $4,600 for advertising expenses for 2006 and that respondent's disallowance of the remaining advertising expenses is sustained.

Finally, respondent determined an accuracy-related penalty with respect to the income tax deficiency. Section 6662(a) and

(b)(1) and (2) provides for a 20-percent penalty on any part of an underpayment attributable to negligence or a substantial understatement of income tax.  Here, the question centers on whether petitioners were negligent with respect to the adjustments respondent determined.  Negligence includes a failure to make a reasonable attempt to comply with, among other provisions, the requirement to keep adequate books and records.  There is no doubt that petitioners are liable for the section 6662(a) penalty with respect to the entire underpayment for the failure to keep any records or to properly report all income.

Although petitioners have pointed out that business is conducted informally and in cash in their community, there is no reason or explanation for the failure to obtain receipts and/or to maintain records of the business activity.  Petitioner is successful in his real estate business, and the types of expenditures he deducted are to be expected.  However, there must be some manner for the Government to verify this business activity.  Petitioner is admonished to keep adequate records to avoid future controversy.

To reflect the foregoing and concessions of the parties,

Decision will be entered
under Rule 155.